\*\*NOT FOR PRINTED PUBLICATION\*\*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| FIRST STATE BANK OF LIVINGSTON, | § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION No. 9:19-cv-00096 |
| FIRST BANKERS CORPORATION, and JOHN HILL, | § § § § | |
| *Defendants*. | § | |

**ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION GRANTING DEFAULT JUDGMENT**

Plaintiff First State Bank of Livingston filed this civil action against Defendants First Bankers Corporation and John Hill on June 10, 2019 alleging Defendants breached their contractual obligations, committed conversion of payments under the contracts, and breached their fiduciary duty to Plaintiff. (Doc. #1).

The court referred this case to the Honorable Keith Giblin, United States Magistrate Judge, for all pretrial matters. The court has received and considered the report (Doc. No. 15) of the magistrate judge, who recommends that the court grant Plaintiff's "Motion for Default Judgment" (Doc. No. 12) and enter final judgment. No objections to the report and recommendation have been filed. After considering the motion and the record, the court's independent review confirms that the magistrate judge's analysis is correct.

**BACKGROUND**

Defendant First Bankers Corporation ("First Bankers") is a broker and lender providing financing for fire trucks and equipment purchased by local fire departments and volunteer fire

1

departments around the country. Defendant John Hill is the President and Registered Agent for First Bankers Corporation. First Bankers established a relationship with Plaintiff First State Bank of Livingston ("First State Bank") whereby the lease agreements and rights to receive payment are assigned to First State Bank of Livingston.

In their Original Complaint, Plaintiff addresses five leases in which payment are owed, claiming that Defendants breached their contractual obligations with the Lease Agreements, committed conversion of payments under the Lease Agreements, and breached their fiduciary duty to Plaintiff. (Doc. #1 at 2-3). At the default judgment motion hearing, Plaintiff's damage information was supplemented, (Doc. #14-1), bringing Plaintiff's total damages to $385, 934.24.

The court granted Plaintiff's Motion for Substituted Service on September 5, 2019, after the court was informed that the Defendants, based in Indiana, were intentionally avoiding service of process. (Doc. #5). Plaintiff properly issued summons and had process served on the Defendants. Summons were returned executed for Defendants on September 24, 2019. [Dkt. 6 and 7]. Answers to the Complaint were due October 25, 2019. *Id*. The record shows Defendants have willfully failed to answer or otherwise defend within the time permitted by the Federal Rules.

On October 17, 2019, Plaintiff requested the Clerk's entry of default against Defendants, supported by the necessary affidavit. (Doc. #8). On October 18, 2019, the Clerk entered default against the defendants in accordance with FED. R. CIV. P. 55. *See Entry of Default* (Doc. #11). Subsequently, on November 13, 2019, Plaintiff filed a motion for default judgment. (Doc. #12). A default judgment motion hearing was held on January 23, 2020 and Plaintiff's total damages were found to be $385, 934.24. Defendant First Bankers Corporation refused service of the Report and Recommendation on March 3, 2020. (Doc. #16). John Hill received the Report and Recommendation, signed for by Karmin Morse, on March 19, 2020. (Doc #17). Defendants have

not responded to the motion for default judgment or the report and recommendation and have not appeared in any other manner. This supports the court's conclusion that Defendants' failure to answer or otherwise respond is willful.

## ANALYSIS

*Legal Standard*

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. Under Rule 55, it is a three-step process: (1) default; (2) the entry of default; and (3) the subsequent entry of a default judgment. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996); *Jefferson v. La. Dep't of Pub. Safety & Corr.*, 401 F. App'x 927, 929 (5th Cir. 2010). The second step requires the clerk of court to enter default:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

FED. R. CIV. P. 55(a). After the clerk enters default, the clerk may enter a default judgment only if the claim is "for a sum certain or a sum that can be made certain by computation." FED. R. CIV. P. 55(b)(1). When the amount of the claim is not certain and cannot be made certain:

> the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing.

FED. R. CIV. P. 55(b)(2). The court may conduct a hearing if necessary to:

> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

*Id*. Entry of a default judgment is completely within the court's discretion. *Lindsey, et al. v. Prive*

*Corp., et al.*, 161 F.3d 886, 893 (5th Cir. 1998). Entry of a default judgment is not an abuse of discretion when a defendant fails to answer a complaint. *See Bonanza Int'l, Inc. v. Corceller*, 480 F.2d 613, 614 (5th Cir.), *cert. denied*, 414 U.S. 1073 (1973). Prevailing law of the circuit sets out factors for courts to consider when determining whether to enter default judgment:

> Relevant factors include whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey*, 161 F.3d at 893.

*Default Judgment Application*

In the present case, the facts asserted in the complaint are well-pleaded, as the plaintiff's factual allegations show a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). Because Defendants have failed to answer the complaint, Defendants admit Plaintiff's well-pleaded allegations of fact – apart from those relating to the amount of damages – and "is barred from contesting on appeal the facts thus established." *Frame v. S-H, Inc.*, 967 F.2d 194, 205 (5th Cir. 1992). Likewise, due to the defendants' failure to answer, the entry of default by the Clerk was appropriate. *See id*. For these reasons, default judgment may be lawfully entered. *See Thomas v. Wooster,* 114 U.S. 104, 113 (1885) (default judgment may be lawfully entered "according to what is proper to be decreed upon the statements of the bill, assumed to be true").

Defendants have not answered the complaint or otherwise defended the matter, nor have they indicated intent to appear or otherwise respond. Based on this procedural history and the efforts expended to date by Plaintiff and their counsel, Plaintiff will be substantially prejudiced if default judgment is denied. The record indicates that the plaintiff successfully perfected service of process on the defendants. (Doc. #s 6 and 7). The defendants did not answer or otherwise respond

to the complaint. The Clerk entered default, and the plaintiff subsequently filed the motion for default judgment. The procedural requirements of Rule 55 are satisfied.

There is no evidence of good faith mistake or excusable neglect on the defendant's part. Moreover, a finding of willful failure to answer a complaint is sufficient reason for granting a motion of default judgment. *See CJC Holdings v. Wright & Lato*, 979 F.2d 60, 64 (5th Cir. 1992), *rev'd on other grounds*, 989 F.2d 791 (5th Cir. 1993); *Eisenhour v. Stafford*, No. 9:12-CV-62, 2013 WL 6212725, 2013 U.S. Dist. LEXIS 168905, at *9 (E.D. Tex. Nov. 26, 2013) (Clark, J.) (adopting recommendation of Hawthorn, J.).

*Damages*

Having considered the requested damages and the supporting documents showing entry of default, the court concludes that the damages sought by the plaintiff as a result of the defendants' default in this case, $385,934.24, are proper. The plaintiff's complaint, taken as true, establishes that the defendants failed to honor contractual obligations and make payments on several Lease Agreements. Defendants have failed to carry the heavy burden of proof in showing that the defendants' actions were both reasonable and in good faith, as it has failed completely to answer plaintiff's complaint.

In addition to the motions and affidavits before the court, Mr. Robert Clark Ogeltree, Vice President of First State Bank of Livingston, testified at the default judgment hearing to the damages. Mr. Ogeltree manages Plaintiff's financial accounts and testified to the amounts owed and went through the checks and financial statements in detail. For these reasons, the court finds the award of damages in the amount equal to the plaintiff's contractual obligations appropriate.

*Attorney's Fees and Costs*

Plaintiff has established that they are entitled to attorneys' fees in the amount of $27,800.00. The Fifth Circuit uses the "lodestar" method to calculate attorneys' fees; this method carries a strong presumption of reasonableness. *Heidtman v. Cnty, of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999). Using this method, the number of hours an attorney reasonably spent on the case is multiplied by the market rate in the community for such work. *See Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012). The plaintiff's attorneys in this case have supported the charged fees during the hearing on the motion for default judgment, logging the hours spent working on the plaintiff's action and noting reasonable rates for attorneys practicing in this community with similar experience.

In *Johnson v. Georgia Highway Express, Inc.*, the Fifth Circuit enunciated twelve factors to be considered in calculating a fee award: (1) time and labor necessitated; (2) novelty and difficulty of the case; (3) quality of the legal representation; (4) counsel's inability to take on other employment; (5) comparable fees for similar work; (6) the presence of a fixed or contingency fee arrangement measuring counsel's fee expectations; (7) time restrictions; (8) the amount involved and the results obtained; (9) experience, reputation, and ability of counsel; (10) undesirability of the litigation; (11) nature and length of counsel's professional relationship with the client; and (12) awards in similar cases. 488 F.2d 714 (5th Cir. 1974). While the court must consider each factor, it need not act upon any factor. Plaintiff's counsel is an attorney with thirty years of experience. In light of this experience, and the average prevailing rate hourly rate of attorneys in this area with that level of experience,[1] the hourly rates of $300 for Mr. John Stover and $225 for Mr. Todd Kassaw are reasonable.

---

[1] *See* Jeanne Graham, *The Art of Billing*, Tex. Lawyer, July 28, 2014, at 1, 20 (providing average hourly rates for attorneys in Texas by location).

In addition to the local rates for Mr. Stover and Mr. Todd, during his testimony at the hearing for the default judgment motion, Mr. Stover discussed retaining local counsel in Indianapolis for an hourly rate of $350. The court finds the 37.2 hours reasonable for the scope of this litigation. Having considered each factor, the court will not adjust the lodestar amount. Using the lodestar method to reach the requested attorneys' fees, and applying the *Johnson* factors, the court finds that the attorneys' fees are reasonable. Accordingly, plaintiff is entitled to $27,800.00 in attorneys' fees.

Plaintiff has also requested costs of court of $650.00, consisting of $400.00 in filing fees and $250.00 for service of process on all Defendants. Plaintiff discussed costs with the court on January 23, 2020 at the hearing on the motion for default judgment. They are authorized under 28 U.S.C. § 1920. The court finds these fees reasonable and necessary. Plaintiff is entitled to $650.00 in costs.

*Interest*

"[T]he purpose of pre-judgment interest is to put a plaintiff in the position he would have been in had he had his trial and recovered his judgment immediately after his injury." *Reyes-Mata v. IBP, Inc.*, 299 F.3d 504, 507 (5th Cir. 2002) (internal citations and quotations omitted). Under 28 U.S.C. § 1961(a), in diversity cases, pre-judgment interest rates are governed by state law, while post-judgment interest is calculated at the federal rate. *See Boston Old Colony Ins. Co. v. Tiner Assoc's., Inc.*, 288 F.3d 222, 234 (5th Cir. 2002). As this is a diversity case applying Texas law, Texas law governs the award of pre-judgment interest. *Arete Partners, L.P. v. Gunnerman*, 643 F.3d 410, 412 (5th Cir. 2011).

The Texas Supreme Court has held that for common law claims such as breach of contract "pre-judgment interest accrues at the rate for post-judgment interest and it shall be computed as

simple interest." *Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 532 (Tex. 1998). *See Arete*, 643 F.3d at 415 ("Thus, under Texas law, whether entitlement to prejudgment interest is derived from statute or, as in this case, equity, 'prejudgment interest accrues at the rate for post-judgment interest and [is] computed as simple interest.'") (quoting *Johnson*, 962 S.W.2d at 532). Under the Texas Financial Code, the post-judgment rate is equal to "the prime rate as published by the Board of Governors of the Federal Reserve System on the date of computation" or "five percent a year if the prime rate as published by the Board of Governors of the Federal Reserve System . . . is less than five percent." TEX. FIN. CODE ANN. § 304.003(c)(1)(2). At the time of this order, the Texas Office of Consumer Credit Commissioner published a judgment rate of 5.00%. *See* http://occc.texas.gov/publications/interest-rates (last visited Apr. 23, 2020).

Pre-judgment interest accrues "during the period beginning on the earlier of the 180th day after the date the defendant receives written notice of a claim or the date the suit is filed and ending on the day preceding the date judgment is rendered." TEX. FIN. CODE ANN. § 304.104. In the present case, the earlier of these two dates June 10, 2019, the day that Plaintiff filed suit. One-hundred and eighty days after notice, which occurred on September 24, 2019 (Dkt. #s 6 and 7), is the much later date of March 22, 2020. The court, therefore, will award pre-judgment interest on Plaintiff's $385,934.24 damages award in an amount of 5.00% per annum, simple interest from June 10, 2019 to the filing of this judgment.

Plaintiff's post-judgment interest will be calculated pursuant to 28 U.S.C. § 1961 from the date of the default judgment, until the default judgment is satisfied. *Tricon Energy Ltd. v. Vinmar Int'l, Ltd.,* 718 F.3d 448, 456-57 (5th Cir. 2013). Post-judgment interest is calculated "at the rate equal to the weekly average one-year constant maturity Treasury yield as published by the Board

of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment." 28 U.S.C. § 1961(a). Interest shall be computed daily to the date of payment and compounded annually. *See* 28 U.S.C. § 1961(b). Accordingly, the court finds that post-judgment interest at the rate specified by 28 U.S.C. § 1961 should be applied to the award of damages upon entry of default judgment in favor of Plaintiff.

## CONCLUSION

The magistrate judge's report and recommendation (Doc. No. 15) is **ACCEPTED**, and Plaintiff First State Bank of Livingston's Motion for Default Judgment (Doc. No. 12) is **GRANTED**. Plaintiff First State Bank of Livingston shall recover $385,934.24 in damages, $27,800.00 in attorneys' fees, and $650.00 in court costs, for a total award of $414,834.24, from Defendants First Bankers Corporation and John Hill, jointly and severally, together with prejudgment interest at the rate of 5% per annum simple interest on all sums awarded, and post-judgment interest calculated pursuant to 28 U.S.C. § 1961 from the date of the final judgment, until the judgment is satisfied. A final judgment will be entered separately.

So **ORDERED** and **SIGNED** April 30, 2020.

_____
Ron Clark, Senior District Judge